OPINION OF THE COURT
David B. Saxe, J.
In this proceeding pursuant to CPLR 5402 the defendant moves to vacate a judgment or in the alternative to stay all proceedings to enforce the judgment pending a hearing and determination of a motion to vacate and set aside the original judgment entered in Dade County Circuit Court in Miami, Florida, dated May 18,1987.
Plaintiffs commenced an action by serving a summons on defendants Barron’s and Duke on August 7, 1985 as a result of a dispute involving the leasing of nine limousines. Plaintiffs claimed that Thomas W. Duke, unlawfully, willfully and knowingly devised and carried out a scheme to defraud R. K. Chevrolet and R. K. Leasing of money and property, to wit, the use and lease value of nine limousines. As defendant Duke failed to appear for deposition on numerous occasions, includ *252 ing several ordered by the court, the Florida court on February 18, 1986 entered an order striking defendant Duke’s pleadings and entering a default against him. On March 3, 1986, after defendant’s prior counsel had withdrawn, attorney Jeffrey S. Augen entered his appearance as attorney for defendants Barron’s and Duke. Subsequent to Mr. Augen’s appearance, defendants Barron’s and Duke served a suggestion of bankruptcy in the Florida action on March 20, 1986. On May 22, 1986, defendant Duke filed a voluntary petition in Bankruptcy Court under 11 USC chapter 13. On June 10, 1986, United State Bankruptcy Court for the Southern District of Florida dismissed defendant Duke’s bankruptcy case for failure to file a chapter 13 statement and plan. On June 16, 1986 the court in the Florida action, apparently unaware that defendants’ bankruptcy case had been dismissed, entered an order dismissing R. K. Chevrolet’s complaint "subject to reinstatement upon bankruptcy stay having been lifted.” Thomas Duke subsequently left Florida and moved to New York City, assertedly under the belief that the action was terminated.
On July 14, 1986, R. K. Chevrolet filed a motion seeking reinstatement of the Florida action citing the dismissal of the bankruptcy proceeding. Mr. Augen accepted service of papers on defendant’s behalf although Duke now states that Mr. Augen was no longer representing him and that he was not notified of the proposed reinstatement of the action. The Florida court subsequently entered its order granting plaintiffs’ motion to reinstate. After reinstatement of the Florida action, the court held a trial and entered a final judgment against defendants Barron’s and Duke on February 4, 1987. As of December 29, 1987 no motion to vacate the final judgment in the Florida action has been filed with Florida court. Mr. Duke first became aware of the judgment against him after receiving a restraining notice in New York.
I hold that the default judgment obtained in Florida was properly obtained. By its dismissal, the court in the Florida action never relinquished personal jurisdiction over Duke since the dismissal was explicitly subject to reinstatement upon lifting of the bankruptcy stay. Thus, when the bankruptcy proceeding was dismissed plaintiffs proceeded properly by serving defendant’s attorney with the papers reinstating the Florida action. In addition, I note that Florida case law states that the filing of an answer constitutes a general appearance and submission to jurisdiction (see, Sternberg v *253 Sternberg, 139 Fla 219, 190 So 486 [Sup Ct 1939]). Here, defendant did file an answer in the Florida action.
The judgment against Duke was obtained properly in all respects. Moreover, as plaintiffs assert, all the provisions of CPLR article 54 were complied with; pursuant to CPLR 5403, notice of filing was duly served on defendant at his last known address.
Thus the movant has presented no basis upon which to either vacate the Florida judgment or to hold a hearing upon his motion to vacate it.
Accordingly, defendant’s motion for an order vacating judgment or staying enforcement shall be denied.